UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONA HARVEY | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.  5:20-CV-745 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), hereby removes this lawsuit to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

## I.
### BACKGROUND

1.     On April 20, 2020, Plaintiff filed her First Amended Petition styled *Dona Harvey v. Allstate Fire and Casualty Insurance Company,* in the District Court of the 407th Judicial District of Bexar County, Texas, Cause No. 2019CI25784.  Plaintiff asserts a claim for underinsured motorist benefits. *See* Exhibit A (Plaintiff's First Amended Petition).

2.     Plaintiff served Allstate with Plaintiff's First Amended Petition and process on June 4, 2020, by certified mail on its registered agent. *See* Exhibit B (Service of Process Transmittal Sheet).

{00607778}

**1**

3.     Plaintiff seeks a declaratory judgment to establish her right to underinsured motorist benefits and pleads for damages "over $200,000.00, but not more than $1,000,000.00." *See* Exhibit A, ¶9.

4.     Allstate has not filed an answer in State Court.

5.     The State Court's Record Search including Case History for this matter is attached herein.  *See* Exhibit C.

## II.
### GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A.  Parties are Diverse

7.     Plaintiff, Dona Harvey, is a natural person who resides in Bexar County, Texas. *See Plaintiff's First Amended Petition,* Exhibit A, ¶2.  Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

8.     Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

### B.  Amount in Controversy

9.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309

F.3d 864, 868 (5th Cir. 2002).   The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10.     Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff's First Amended Petition states:

> "Plaintiff currently seeks monetary relief over $200,000.00 but not more than $1,000,000.00."

*See Exhibit A—Plaintiff's First Amended Petition*, ¶9.

11.     Based on the foregoing, the amount in controversy clearly exceeds $75,000.00.

### III.
### REMOVAL IS PROCEDURALLY PROPER

12.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

13.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

15.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

### IV.
### ATTACHMENTS

16.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3, Defendant includes with this notice of removal the following attachments, which are incorporated by reference:

- Civil Action Cover Sheet

- Exhibit A: Plaintiff's First Amended Petition

- Exhibit B: Service of Process on Allstate

- Exhibit C: State Court Docket Sheet

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company requests that the Court accept jurisdiction over this case against it for the reasons set forth above, and grant Defendant any such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**

Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone:      (210) 598–8686
Facsimile:       (210) 598–8797

*/s/ Robert E. Valdez*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Brittany M. Baker**
State Bar No. 24089611
bbaker@valdeztrevino.com
*Counsel for Defendant Allstate Fire and Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing instrument was served on the following counsel this 24th day of June 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

Ryan L. Orsatti
RYAN ORSATTI LAW
14855 Blanco Road, Suite 108
San Antonio, Texas 78216
Telephone: 210–525–1200
Facsimile: 210–951–5545
Email: ryan@ryanorsattilaw.com

*/s/ Robert E. Valdez*
**Robert E. Valdez**